For meaning of Abreviations, See Ternary Digest, page XII.

## No. 255

### GRAHAM et v. McQUISTON, Exc.

### No. 20197.  Supreme Court

On motino to certify.  Dock. Nov. 29, 1926, 4 Abs. 805.

1271.  WILLS—Where a codicil is indefinite and uncertain so that the intentions of the testator is not clear, does the codicil fall and the will control?

This cause came on to be tried upon appeal from the judgment, order and decree of the Mahoning Common Pleas construing the meaning and effect of the will and codicil of William E. Morrison, deceased, and was tried to the court upon the will and codicil and submitted upon argument and brief of counsel.  William E. Morrison, the testator, died in the year 1925, leaving a will and codicil intended to dispose of all of his property.  The will was executed in the 4th day of August, 1920, and the codicil was dated the 4th day of September, 1924.  The will and codicil were duly probated and no question is raised as to the authenticity or the meaning or construction of the codicil itself and its effect upon the will.

It appears that the chief beneficiary under the will preceded the testator in death, and thereafter, due to this fact, the testator endeavored to make some changes in his will by the codicil  The Court of Appeals in substance found that the language of the codicil was so indefinite and uncertain that it was not susceptible of any satisfactory construction and that the effect of said codicil was to leave the residuary estate mentioned in Clause Ten of the will undisposed of, and that therefore as to the devise of the personal property mentioned in residuary Clause Ten the testator died intestate.

Graham contends in the Supreme Court:—

1.  That the judgment of the Court of Appeals is inconsistent in that it holds that the codicil on account of its ambiguity renders both the will and the codicil ineffective to pass the personal property, yet holds that the will controls in passing the real estate.  No reason is seen for this distinction.

2.  That where a codicil is so indefinite and

uncertain that a satisfactory interpretation can not be arrived at and the intention of the testator is not clear, then the codicil must fall and the will control as if no codicil had ever been written.

Attorneys—D. F. Kennedy for Graham; J. P. Wilson for the executor; both of Youngstown.

## No. 256

### JENKINS v. EARLEY, Admr.

### No. 20324.  Supreme Court

On motion to certify.  Dock. 2-11-27, 5 Abs. 105.

677.  JUDGMENTS—Can a Court of Appeals, collaterally attack the judgment of any court of record, and without finding any fraud or manifest mistake, and without opening up judgment or indicating where the judgment was in error, enter judgment for a different amount?

593.  GUARDIAN & WARD—Where Probate Court approves of and make settlement of guardian's accounts, is this "final."

Glenn Earley, administrator of the estate of Martha Van Ness, deceased, filed his petition in the Morrow Common Pleas against Hosea Jenkins, alleging that at various times since Oct. 21, 1909, Jenkins, as guardian of the decedent, willfully and fraudulently concealed the interest on moneys coming into his hands and that he appropriated same to his own use.

The Common Pleas Court found in favor of Jenkins, and found that there was no fraud as to any of the accounts and dismissed the action.  The Court of Appeals on appeal, without making any finding of fraud or manifest mistake, referred the case to a Referee to make a finding of facts and conclusions of law.

The Referee found that Jenkins should have in his hands $6353.05.  The guardians accounts show there actually is in his hands, $4783.00.  The Court of Appeals on motion of the administrator, confirmed the finding as to the sum of $1158.22 and that Jenkins be charged with the additional sum of $1158.22.

It is claimed that there is not a word in the record that Jenkins ever received a cent that he did not account for in his accounts; nor that he fraudulently concealed any of the assets of the estate; nor that he appropriated any of it to his own use.

It is urged that there is not a finding or an order of any fraud or mistake in the several different accounts, or in the judgment of the Probate Court in approving same, nor is there an order opening up the judgment of the Probate Court in approving any of said accounts.  It is claimed that settlement of the Probate Court, of a guardian's accounts, is "Final, unless appealed from or opened up for fraud or manifest mistake" as provided by 10954 GC.

Attorneys—Barry & Weiland for Jenkins; T. B. Mateer for Earley; all of Mt. Gilead.